UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Marylynne E. Bonta,

                Plaintiff,

                                          **Hon. Hugh B. Scott**

                v.                            07CV735S

                                         **Report**
                                            **&**
Accor North America, Inc. et al,              **Recommendation**

                Defendants.

      Before the Court is the plaintiff's motion to remand this case to the state court (Docket No. 10).

## Background

      The plaintiff, Marylynne E. Bonta ("Bonta"), commenced this action stating that she was injured when she fell on August 19, 2006 while staying at a Red Roof Inn in Hamburg, New York. The plaintiff, a resident of the State of Ohio, brought the action in New York State Supreme Court, naming Accor North America, Inc., Red Roof Inns, Inc., and Red Roof Buffalo I Co. as defendants. It appears undisputed that Red Roof Inns, Inc. is a division of Accor North America, Inc. Both Accor and Red Roof Inns, Inc. are alleged to be incorporated under the laws of Delaware, with their principal places of business located in Texas. (Docket No. 1 at ¶¶ 1-2). The record reflects that Red Roof Inn Buffalo I Co., was an Ohio partnership, that is listed as the

1

owner on the deed of the property on which the Hamburg hotel was located.

The defendants removed the action to federal court based upon diversity jurisdiction pursuant to 28 U.S.C. §1332 inasmuch as the only defendants in existence are not citizens of the same state as the plaintiff. According to the defendants, Red Roof Inn Buffalo I Co. was dissolved in 1984. (Docket No. 15 at ¶ 6; Exhibit B). The assets of Red Roof Inn Buffalo I Co. were transferred to Red Roof Inns, Inc. (Docket No. 15, Exhibit A). At the time of the transfer of assets, Red Roof Inns, Inc. was registered as an Ohio corporation. (Docket No. 15, Exhibit A). However, in 1993, Red Roof Inns, Inc. was acquired in a merger by RRI Acquisitions Co. As a result of that merger, Red Roof Inns, Inc. was deemed "the Disappearing Corporation" and ceased to exist, while RRI Acquisition Co. Inc, was deemed "the Surviving Corporation." (Docket No. 15, Exhibit D at page 3). At the same time, RRI Acquisitions changed its name to Red Roof Inns, Inc., a corporation registered in Delaware, and expressly stated an intention of doing business in Ohio as a foreign corporation. (Docket No. 15, Exhibit D, at page 4-5). Records from the New York State Department of State and the Ohio Secretary of State reflect that Red Roof Inns, Inc. is listed as a Delaware corporation with its principal offices in Carrollton, Texas. (Docket No. 15 at Exhibits F and G respectively). Because no existing defendant resides in Ohio, the defendants contend that diversity jurisdiction exists under 28 U.S.C. §1332.

**Diversity Jurisdiction**

The plaintiff moves to have this case remanded to the state court on the grounds that complete diversity does not exist due to the existence of Red Roof Inn Buffalo I Co. as a

defendant.

Under 28 U.S.C. § 1332(a), this court has original jurisdiction over all civil actions where there is diversity of citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." It is well-established that such jurisdiction is proper only when there is "complete diversity," which does not exist if any plaintiff is a citizen of the same state of any defendant. St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 88 (2d Cir.2005). The party seeking to invoke the subject matter jurisdiction of the district court must demonstrate by a preponderance of the evidence that there is subject matter jurisdiction. Scelsa v. City Univ. of New York, 76 F.3d 37, 40 (2d Cir.1996); Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir.2005). When the party seeking remand challenges the jurisdictional predicate for removal, the removing party bears the burden of establishing its right to a federal forum by "competent proof." Ehrenspeck v. Spear. Leeds & Kellogg, 389 F.Supp.2d 485, 488 (S.D.N.Y.2005) (quoting R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir.1979)). If the removing party fails to meet this burden, the action will be remanded to the state court from which it was removed. See Hill v. Delta Intern. Mach. Corp., 386 F.Supp.2d 427, 429 (S.D.N.Y.2005).

In the instant case, the defendants have established by a preponderance of the evidence that complete diversity exists in this case. The defendants have presented unrefuted evidence that Red Roof Inn Buffalo I Co. was dissolved in 1984, long before any of the events underlying the plaintiff's cause of action occurred. Although there are cases which hold that a defunct corporation can be sued in New York, those cases appear to involve claims that arose during the lifetime of the defunct corporation. See i.e. Murray v. Miner, 74 F.3d 402 (2d. Cir. 1996); Wm.

Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 933 F.2d 131, (2d. Cir. 1991). Here, Red Roof Inn Buffalo I Co. was dissolved **22 years** prior to the events of the underlying claim in this case. The assets of Red Roof Inn Buffalo I Co. were transferred to another corporate entity and the record is absent of any evidence to suggest that the defunct Ohio partnership has transacted any business in any manner since its dissolution. The plaintiff's argument is based solely on the fact that the defunct corporate name still remains on the deed of the property on which the hotel is located.[1] This fact does not establish the current existence of a corporate entity for purposes of jurisdictional analysis. The plaintiff has presented no evidence to refute the showing made by the defendants that Red Roof Inn Buffalo I Co. ceased to exist long before the claims in this case arose. Further, plaintiff does not dispute the assertion that all of Red Roof Inn Buffalo I Co.'s assets were transferred to Red Roof Inns, Inc. more than 20 years ago. See Mother Bertha Music, Inc. v. Trio Music Co., Inc., 717 F.Supp. 157 (S.D.N.Y. 1989)(Court refused to consider previously dissolved New York corporation for purposes of diversity jurisdiction analysis where defunct New York corporation transferred its assets to California corporation 20 years earlier). The defendants have demonstrated that Red Roof Inn Buffalo I Co. is an assetless corporate entity which was dissolved more than 20 years prior to the events underlying the claims in this case. It does not appear to have officers or employees. Such an entity is not a true defendant and should not be considered for the purposes of defeating diversity jurisdiction.

      Although the plaintiff also asserts that Red Roof Inns Inc. was once an Ohio corporation

---

[1] The Court notes that neither party in this case provided meaningful legal authority in support of their respective positions as to the instant motion.

and that the former Ohio citizenship of that corporation also defeats diversity jurisdiction in this case (Docket No. 17 at pages 3-4); this argument is not persuasive. Once again, the defendants have presented unrefuted evidence that the current corporate entity named Red Roof Inns, Inc. is a Delaware corporation with its principal offices in Texas. It appears that complete diversity exists in this case.

## Conclusion

Based on the above, it is recommended that the motion to remand this action to state court be denied.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir.

1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y. Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

                                                    */s/ Hugh B. Scott*
                                            United States Magistrate Judge
                                            Western District of New York

Buffalo, New York
July 8, 2008