UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Marylynne E. Bonta,
                Plaintiff,

                v.

                                                    **Hon. Hugh B. Scott**

                                                    07CV735S

Accor North America, Inc. et al,
                Defendants.                              **Report**
                                                                **&**
                                                        **Recommendation**

Accor North America Inc., et al.
                Third-Party Plaintiff,

                v.

Abat Builders and Feinkopf Schappa Architects,
                Third-Party Defendants.

Before the Court is the third-party defendant Abat Builders ("Abat") motion to dismiss based upon defects in the original summons. (Docket No. 56).

**Background**

The plaintiff, Marylynne E. Bonta ("Bonta"), commenced this action stating that she was injured when she fell on August 19, 2006 while staying at a Red Roof Inn in Hamburg, New York. The plaintiff, a resident of the State of Ohio, brought the action in New York State

1

Supreme Court, naming Accor North America, Inc., Red Roof Inns, Inc., and Red Roof Buffalo I Co. as defendants. During discovery, Accor apparently learned that other various subcontractors were involved in the installation of the towel rack which is involved in the plaintiff's injury claim. Accor sought leave to file a third-party complaint in this case to add Abat Builders and Feinknopf Schappa Architects ("Feinknopf") as third-party defendants. That motion was granted (Docket No. 47) and Accor was directed to "file a third-party complaint within 20 days" of the date of the order (which was dated April 21, 2009). Further, Accor was directed to "contact the Court upon joinder of issue as to the third-party defendants so that a status/scheduling conference can be scheduled." (Docket No. 47). Accor filed the third-party complaint on May 15, 2009. (Docket Nos. 48 and 49). An affidavit of service as to Abat was filed on that same date. (Docket No. 50).[1] However, it appears that Accor failed to have the summons which was served upon Abat signed and sealed by the Clerk of the Court. Thus, an E-Filing Notification was issued to that effect. (See Docket entry dated May 22, 2009). On May 29, 2009, Abat filed the instant motion to dismiss based upon the defect in the summons. (Docket No. 56). That same day, a summons was issued by the Clerk of the Court as to Abat (see Docket entry dated May 29, 2009). On June 24, 2009 Accor filed an affidavit of service indicating that the new summons was served upon Abat on June 9, 2009. (Docket No. 66). Abat filed an answer to the third-party complaint on June 29, 2009. (Docket No. 72)

    Abat does not appear to contend that there were defects with respect to the service of the second summons other than the fact that Accor never requested permission from the Court to file

---

[1] Accor made the same error in connection with its service upon Feinknopf, however Feinknopf filed an answer to the third-party complaint (Docket No. 53) and has not filed any motions challenging service.

and serve a second summons upon Abat. (Docket No. 82 at ¶ 9). Abat seeks dismissal of the complaint on the grounds that it is untimely in that it was filed and served more than 20 days after the Court's Order granting leave (Docket No. 54 at ¶ 4-6) and because the original summons was not signed by the Clerk of the Court (Docket No. 54 at ¶7). In its reply papers, Abat also seeks attorneys fees incurred in making the instant motion. (Docket No. 82 at ¶ 13)

The motion to dismiss should be denied. Abat does not contend that the second summons served by Accor was defective in any way other than that Accor failed to request permission from the Court to serve a second summons. Abat has presented no authority suggesting that Accor was required to request leave of the Court to serve the second summons. Both parties have stated that the original summons was a nullity. (Docket No. 54 at ¶ 8; Docket No. 74 at ¶ 9). Thus, the Court need not further consider arguments regarding the service of the original summons. Accor was not required to seek judicial intervention to request permission to serve a second summons. Abat was properly served with a summons and complaint in this case on June 9, 2009 (Docket No. 66). Prior ineffective attempts to effectuate service do not invalidate a subsequent proper service or otherwise require dismissal of the third-party complaint.

The fact that the third-party complaint was filed 24-days after the Court's April 21, 2009 Order, instead of 20-days as directed in the Order, also does not warrant dismissal of the complaint. Abat has not articulated any prejudice owing to the fact that the third-part complaint was filed in four days beyond the date set by the Court.

Finally, it its reply papers Abat states that it seeks attorneys fees incurred in connection with the instant motion. The Court notes that this relief was not requested in the motion (Docket No. 56) or the initial affirmation in support of the instant motion (Docket No. 54). Abat has

3

presented no authority requiring or authorizing the grant of attorneys fees based upon the facts of this case. It is recommended that the motion for attorneys fees be denied.

**Conclusion**

Based on the above, it is recommended that the motion to dismiss be denied.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y. Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not,

presented to the Magistrate Judge in the first instance. See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
July 28, 2009