UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Marylynne Bonta,

        Plaintiff,    **Hon. Hugh B. Scott**

                07CV735S

      v.        **Decision & Order**

Accor North America, Inc. et al.,

        Defendant.

_____

   Before the Court is the defendant's motion to compel (Docket No. 104).

   The plaintiff, Marylynne E. Bonta ("Bonta"), commenced this action asserting that she was injured when she fell on August 19, 2006 while staying at a Red Roof Inn in Hamburg, New York. The plaintiff, a resident of the State of Ohio, brought the action in New York State Supreme Court, naming Accor North America, Inc., Red Roof Inns, Inc. (a division of Accor) as defendants (referred to collectively as "Accor"). Bonta alleges that due to the fall, she sustained bodily injuries, was rendered sick. sore, lame and disabled; and "sustained pain and suffering and shock to her nerves and nervous system" (Docket No. 1-2 at ¶20). During discovery, Bonta provided more specific assertions regarding her alleged injuries, *in part*, as follows:

> Upon information and belief, as a result of the alleged incident, the plaintiff ... sustained the following known injuries: acute comminuted fracture of the left humerus with involvement of the

1

> greater tuberosity, and anjulation; precipitation and/or exacerbation
> shoulder joint osteoarthritis and diffuse degenerative abral tearing;
> partial thickness tearing of supraspinous tendon; foraminial
> encroachment on right side of C3-4 and C7-T1 and left side C2-3,
> C3-4 and C7-T1; exacerbation and/or precipitation of widened
> acromioclavicular joint space; left C7 radiculopathy; cervicalgia
> and lumbago; neck pain radiating into left upper trapezius region;
> chronic symptoms of pain, numbness and weakness in left
> shoulder, arm and hand; multiple contusions and bruising to arms,
> head, face, torso/stomach and knees; bilateral knee pain; abdominal
> pain; umbilical hernia; aggravation and/or exacerbation of prior
> cervical fusion with anterior plate fixation which was
> asymptomatic at the time; possible aggravation and/or precipitation
> of left carpal tunnel repair and left clavicle fracture; headaches;
> sciatic pain; episodes of cramping in left fingers extending into her
> left forearm, often precipitated with driving, griping and/or resting
> the left arm on a surface; fracture to tooth #2; low back pain;
> exacerbation and/or precipitation of prior laminectomy from L2
> through S1 and of lumbar disc degeneration; precipitation and/or
> exacerbation of disc protrusions and/or bulges at T12-L1, L1-2,
> L2-3, L4-5; precipitation and/or exacerbation of moderate to severe
> neural foraminal stenosis; initial loss of sleep due to pain and
> discomfort; altogether with injuries to the bones, muscles, tendons,
> ligaments, nerves, blood vessels and soft tissues in the injured area,
> and accompanied by pain, discomfort, limitation of motion,
> physical pain and suffering associated with the aforementioned
> injuries; limited ability to perform normal daily functions;
> limitation in ability to engage in social activities; inability and
> limited ability to perform physical activities; inability and limited
> ability to perform household cleaning and maintenance; and
> inability and limited ability to engage in life's enjoyments and loss
> of employment and career due to the aforementioned injuries.

(Docket No. 107-3 at pages 11-12).

The defendant seeks to have the plaintiff provide authorizations to various medical providers who treated the plaintiff before and after the underlying accident. (Docket No. 105 at ¶¶ 7-8). The defendants contend that the plaintiff has failed to provide over 25 requested authorizations. (Docket No. 105 at ¶ 14). In addition, the defendant seeks authorizations relating to tax records, social security disability ("SSDI") and employment records. (Docket No. 105 at ¶ 15).

The plaintiff has objected to providing requested authorizations for the following medical providers: Dr. Adnan E. Mourany (seen for hearing, sinus/allergy issues); Dr. Andria M. Portnick (podiatrist); Apria Health Care (sleep apnea); Caritas Physician Network ("most likely female exams"); Dr. Curtis Lockhart ("unknown"); UHHS/CSAHS/Cuyahoga subsequently known as St. John Westshore Hospital ("most likely annual female exams"); Dr. Elizabeth Macintyre (gastroenterologist – bariatric surgery and hernia repairs); Dr. Indukunar M. Sonpal (surgeon – bariatric bypass and hernia repair); Dr. John B. Marshall (gastroenterologist – problems relating to bariatric surgery and hernia repair); Matria Health Care, Inc. ("unknown"); Midwest Neuroscience, Inc. ("unknown"); Millennium Radiology Associates (x-rays, CT scans, MRIs "including annual female tests, chest x-ray, mammograms, vaginal scans– believed to be unrelated to our accident"); North Coast Pain Management Associates (knee surgery – plaintiff agrees to provide authorizations); Ohio Chest Physician / Dr. Timothy Taylor ("respiratory doctor for sleep apnea, asthma and allergies); Dr. Robert Stern (opthalmologist); V Landings Familly and Psychological Center ("treatment prior to and unrelated to our accident"). (Docket No. 110 at ¶6). The plaintiff contends that she has already provided authorizations for North Shore Gastroenteroloty, Inc., Dr. Mousab Tabbaa, Genesee Valley Group Health/Lifetime Health. (Docket No. 110 at ¶8). Bonta asserts that she has provided authorizations for SSDI and employment records. (Docket No. 110 at ¶ 10). The plaintiff states that she has provided W-2 statements to the defendants, but objects to the request for tax records due to "confidentiality and overbroadness." (Docket No. 110 at ¶ 12).

The plaintiff has asserted that she has suffered a wide range of injuries, both physical as well as "shock to her nerves and nervous system," as a result of the alleged accident. Among the injuries alleged to have been caused by the accident is abdominal pain and an umbilical hernia.

The defendants are clearly entitled to records relating to Bonta's prior treatment of her bariatric and hernia surgery (Dr. Elizabeth Macintyre, Dr. Indukunar M. Sonpal, Dr. John B. Marshall). Bonta alleges that she suffered from sleep deprivation as a result of the accident. Thus, the defendants are entitled to records relating to her treatment for any sleep disorders and any emotional or psychological issues which may have impacted her sleep (Apria Health Care, Ohio Chest Physician, Dr. Timothy Taylor, V Landings Family and Psychological Center). The plaintiff cannot refuse to disclose authorizations because she cannot recall what treatment was provided to her by a specific medical provider. Thus, absent a particularized basis to the contrary, the defendants are entitled to authorizations of the medical providers for whom the plaintiff asserts are "unknown" to her, or for which the plaintiff can only speculate as to the treatment being "most likely" to an unrelated condition (Caritas, St. John Westshore Hospital, Dr. Curtis Lockhart, UHHS/CSAHS/Cuyahoga, Matria Health Care, Inc. Midwest Neuroscience, Inc., Millennium Radiology Associates). In light of the breadth of the plaintiff's alleged back injuries, treatment relating to the plaintiff's musculoskeletal system, including her feet, may be relevant to the claims asserted in this matter (Dr. Andria Portnick). The defendants have not articulated a basis to determine that the plaintiff's medical treatment for her hearing, allergies or eyesight is relevant to the injuries alleged by Bonta in this case.

Within ten days of the date of this Order, the plaintiff is directed to provide the defendants with authorizations for each of the requested medical providers with the exception of those whose treatment was related only to her hearing, allergies or eyesight.[1] Further, in light of

---

[1] The plaintiff objects to providing certain authorizations on the grounds that she had previously provided authorizations for those medical providers. (Docket No. 110 at ¶ 8). The plaintiff is directed to provide the defendants with another authorization as to these medical providers.

the plaintiff's allegations of damages, including medical costs, lost wages, lost benefits, lost career opportunities, the defendants are entitled to discovery of the plaintiff's tax records SSDI and employment records. Within ten days of the date of this, Order the plaintiff shall provide the defendants with authorizations relating to her tax records, SSDI and employment records. These documents, as well as any medical records relating to the plaintiff, shall be considered confidential. They shall be marked as such and may only be used in connection with this litigation.

The parties have not requested modification of the scheduling order. The dates set forth in the April 22, 2010 Amended Scheduling Order (Docket No. 99) remain in place.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
July 20, 2010